UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

*FILED*

*JUL 12 2023*

*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

|  |  |  |
|---|---|---|
| Dr. Ganiyu A. Jaiyeola, | ) | Case No.: |
|  | ) |  |
| Plaintiff, | ) | COMPLAINT |
|  | ) |  |
| v. | ) |  |
|  | ) | JURY TRIAL DEMANDED |
| APPLE INC., | ) |  |
|  | ) |  |
| Defendant. | ) | C   23   03462 |
|  | ) |  |
|  | ) |  |

NC

## INTRODUCTION AND NATURE OF THE ACTION

1.      Plaintiff Ganiyu Ayinla Jaiyeola ("Jaiyeola") is a pro se. "For a pro se plaintiff, the Court is obligated to look at the substance of the allegations and overlook formal failures. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Pro se pleadings must be construed liberally." *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A pro se litigant in a civil rights suit must have an opportunity to amend a complaint to overcome deficiencies... *Eldrige v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987)." *Sylvester v. State*, No. 14-cv-05595 (N.D. Cal. May. 14, 2015).

2.      Jaiyeola alleges Defendant Apple Inc. ("Apple") violated Plaintiff's rights under Title VII of the Civil Rights Act ("Title VII"). Apple also violated Jaiyeola's rights under the California's Fair Employment and Housing Act ("FEHA"). The following apply to Jaiyeola: Race (African American), Color (Black), and National Origin (Nigerian). Jaiyeola is also a naturalized citizen of the United States.

3.      Upon information and belief, Defendant Apple is a corporation that is organized under the laws of the State of California; Apple does business in the State of California and

-1-

maintains its corporate headquarters in Cupertino, California. Upon information and belief, Apple employs over 100 individuals.

4.      Plaintiff filed administrative remedies regarding his employment discrimination complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") and the State of California Civil Rights Department ("CRD"). Both the EEOC and the CRD granted Jaiyeola the Right-to-sue notices. (Exhibit A and Exhibit B).

5.      Apple has not given Jaiyeola the permission to provide Jaiyeola's employment record documents needed to support this complaint. Jaiyeola would provide the relevant documents on his employment record during discovery.

6.      Jaiyeola has the following educational qualifications: 1.) A B.Sc. in Chemistry (Biochemistry Minor) from the University of Ibadan, Nigeria; 2.) A Masters in Inorganic Chemistry (Bioinorganic) from the University of Ibadan, Nigeria; 3.) A Masters in Inorganic Chemistry (Solid State Inorganic) from the University of Connecticut, Storrs; 4.) A Ph.D. in Materials Science from the University of Connecticut, Storrs; and 5.) A Masters in Business Administration (Major: Organization and Management, Minor: Marketing) from Syracuse University, Syracuse, New York. Jaiyeola has had extensive work experience in Materials Engineering positions with many companies including Element Materials Technology, Stryker, Boeing, Honeywell, Federal-Mogul, and Carrier Corporation. Exhibit C is Jaiyeola's resume. Jaiyeola is currently a Senior Subject Matter Expert ("SSME") with Apple in Cupertino, California.

7.      Jaiyeola started working onsite at Apple in February 2022. To date, Jaiyeola has made very significant contributions to the level of technical knowledge at Apple in many areas that include the following: Alloy Chemistry Cleaning, Corrosion, Metallurgy, Chemistry, Electrochemistry, and Failure analysis. Also, various technical groups within Apple regularly

-2-

contact Jaiyeola to assist them in Jaiyeola's expert knowledge areas. Jaiyeola will provide details of his critical technical contributions at Apple during discovery. Since February 2022, Jaiyeola has very significantly and single handedly contributed to critical materials engineering knowledge of Apple's current and future consumer electronic products.

8.      Jaiyeola didn't apply to Apple for the SSME position. An Apple Recruiter found Jaiyeola. Jaiyeola was interviewed and then the Recruiter told Jaiyeola he wasn't hired. Jaiyeola then sent an email (through the Recruiter) to the Hiring Manager (Sowmya Laxminarayanan – a Manager at Apple) to ask why he was not hired. Some days later, the Recruiter came back to inform Jaiyeola that he was now hired; if he still wanted the job. The Recruiter gave Jaiyeola no reason why Jaiyeola was now hired. On January 21, 2022 (after Jaiyeola had accepted the SSME offer), the Recruiter scheduled Jaiyeola for a welcome video ("WebEx") meeting with Shiva Mandepudi (a Senior Manager at Apple and Laxminarayanan's Supervisor). Mandepudi told Jaiyeola the following (among many other negatives): a.) That Jaiyeola couldn't do the job. b.) That he (Mandepudi) didn't want a lazy person. c.) That Jaiyeola should decline the Apple offer that he (Jaiyeola) had already accepted. This was the second interview that Jaiyeola would have with Mandepudi. The first interview was before Apple made Jaiyeola an offer. Even during the first interview, Mandepudi repeatedly told Jaiyeola that Jaiyeola couldn't do the job required for the SSME position. Jaiyeola didn't decline the Apple SSME Offer. Jaiyeola filed a discrimination complaint against Mandepudi based on what he did and said in January 2022 and after January 2022. Apple did an investigation. The results of the investigation should be produced during discovery. Sometime in 2023, Mandepudi was no longer Laxminarayanan's Supervisor.

9.      Laxminarayanan was Jaiyeola's Hiring Manager and has been Jaiyeola's Supervisor since Jaiyeola started working for Apple in February 2022. Laxminarayanan has repeatedly discriminated against Jaiyeola, has repeatedly undervalued Jaiyeola's knowledge, harassed

Jaiyeola, created a very hostile work environment, denied Jaiyeola due process, frequently shop for negatives on Jaiyeola, denied Jaiyeola a performance bonus, and she has made negative comments to Jaiyeola like the following: a.) "Ganiyu, nobody likes you". b.) "Shiva thinks you just sit down in the office doing nothing". c.) "Mike thinks your job is subpar." "Shiva" is Shiva Mandepudi. "Mike" is Mike Barnstead (a Senior Manager at Apple). Barnstead is White. Laxminarayanan is Indian and Mandepudi is Indian. Jaiyeola has filed many complaints against Laxminarayanan with the Apple EEO Officer (Carol Surface). Apple EEO Office would do an investigation but nothing changed in Laxminarayanan's EEO violations. Indeed, Laxminarayanan increased her EEO violations against Jaiyeola after every EEO complaint-investigation that Jaiyeola initiated. The last straw for Jaiyeola was Laxminarayanan's decision to put Jaiyeola on a performance improvement plan. Laxminarayanan denied Jaiyeola due process in two ways as regards the performance improvement plan: a.) Laxminarayanan alleged that Jaiyeola had negative performances between October 2022 and June 2023 but she did not give Jaiyeola the opportunity to respond to her allegations of negative performances. b.) She decided to put Jaiyeola on a performance improvement plan starting from July 5, 2023 to August 4, 2023 without giving Jaiyeola the opportunity to respond to her allegations of negative performances between October 2022 and June 2023. "A fundamental requirement of due process is "the opportunity to be heard."... It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545 (1965). Jaiyeola filed an EEO complaint regarding the performance improvement plan because it was a denial of due process, unfair, a violation of Jaiyeola's EEO rights, and a retaliation against Jaiyeola because Jaiyeola filed EEO and U.S. EEOC complaints against Laxminarayanan. The EEO Investigator (Jeanna Waibel – a Manager in the Apple Employee Relations Department) affirmed Laxminarayanan's decision. Jaiyeola then appealed to the Apple EEO Officer (Carol Surface). Surface denied Jaiyeola's appeal. Laxminarayanan's

-4-

performance improvement plan is ongoing on Jaiyeola. Jaiyeola did not refuse to participate in the performance improvement plan. "We hold that in our circuit an adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000). Upon information and belief, Laxminarayanan's performance improvement plan on Jaiyeola is "an adverse employment action". On July 10, 2023, Jaiyeola requested for a one-day (July 11, 2023) vacation time from his Supervisor, Laxminarayanan. In her email reply to Jaiyeola's vacation request for vacation time, Laxminarayanan approved the vacation time but she added that, regardless of the July 11, 2023 vacation time, Jaiyeola must still meet the deadline requirements that she demanded in her performance improvement plan on Jaiyeola. By insisting that Jaiyeola must meet the deadlines in her prescribed performance improvement plan for Jaiyeola, Laxminarayanan violated Apple's policy and guidelines on vacation time and she violated Jaiyeola's Apple EEO and Jaiyeola's U.S. EEO Rights. Apple's policy and guidelines on vacation time clearly state that an Apple employee must not be assigned any work-related activity during the employee's vacation time.

10.      Christopher Bruni (a Director at Apple) is Mandepudi's Supervisor. In a recent reorganization that Bruni did, Bruni became Laxminarayanan's Supervisor. Since 2022, Bruni has discriminated against Jaiyeola, he has pressured Jaiyeola not to file EEO complaints against Laxminarayanan, and he has repeatedly engaged in adverse employment actions against Jaiyeola. Examples of Bruni's adverse employment actions against Jaiyeola include the following: a.) On February 7, 2023, Bruni sent Jaiyeola an email stating that it was improper for Jaiyeola to use the word "wrong" when letting a vendor employee know that the vendor employee was wrong as regards an engineering testing that Jaiyeola asked the vendor employee to do. b.) On April 12, 2023, Bruni falsely accused Jaiyeola of making threats to file a lawsuit at a meeting that Jaiyeola had with Bruni and Laxminarayanan on March 30, 2023. Jaiyeola wondered why Bruni waited

more than 10 days before making his false accusation. Jaiyeola filed an EEO complaint against

Bruni as regards this false lawsuit threat allegation. c.) On June 27, 2023, Bruni improperly showed

up at a one-on-one meeting that Laxminarayanan scheduled with Jaiyeola and Bruni pressured

Jaiyeola for about 20 minutes requesting to be part of the one-on-one meeting. Jaiyeola was

emotionally traumatized by the surprised presence of Bruni and Lewis Botsford (an Apple

employee) at the meeting room. Jaiyeola declined to meet with Bruni and Botsford. Jaiyeola

declined to meet with Bruni because Laxminarayanan did not inform Jaiyeola that Bruni was going

to be part of the one-on-one meeting and because Laxminarayanan had apparently changed the

agenda for the meeting without changing the agenda stated for the scheduled meeting. Jaiyeola

filed an EEO complaint against Bruni for being present at a meeting that he (Bruni) was not

scheduled to attend and for pressuring Jaiyeola to have an unscheduled meeting with him.

     11.    Lewis Botsford is an Apple employee. On June 27, 2023, Botsford engaged in

adverse employment actions against Jaiyeola as follows: a.) On June 27, 2023, Botsford and Bruni

improperly showed up at a one-on-one meeting that Laxminarayanan scheduled with Jaiyeola and

Botsford pressured Jaiyeola for about 20 minutes requesting to be part of the one-on-one meeting.

Jaiyeola was emotionally traumatized by the surprised presence of Bruni and Botsford at the

meeting room. Jaiyeola declined to meet with Botsford. Jaiyeola declined to meet with Botsford

because Laxminarayanan did not inform Jaiyeola that Botsford was going to be part of the one-on-

one meeting and because Laxminarayanan had apparently changed the agenda for the meeting

without changing the agenda stated for the scheduled meeting. b.) On June 27, 2023, while

pressuring Jaiyeola to meet with him, Botsford asked Jaiyeola to step out of the meeting room for

about 5 minutes, cool off, and then come back in to have a meeting with Laxminarayanan, Bruni,

and Botsford. Jaiyeola filed an EEO complaint against Botsford for being present at a meeting that

he was not scheduled to attend and for pressuring Jaiyeola to have an unscheduled meeting with

him (Botsford).

12.     Howard Bujtor (a Senior Director at Apple) is Bruni's Supervisor. Sometime in 2022, Bujtor was the Supervisor for Bruni and Mandepudi. Bujtor has engaged in adverse employment actions against Jaiyeola on two occasions: a.) One day in 2022, Bujtor came to Jaiyeola's desk and ask Jaiyeola to come to his office; Jaiyeola walked with him to his office. When Jaiyeola got to Bujtor's office, he shut the glass door and he said the following: i) "I heard from multiple sources that you are not being a Team player."; ii.) "Do you want to lose your job?" b.) In April 2023, Jaiyeola filed an EEO complaint against Laxminarayanan regarding the negative performance reviews that she gave Jaiyeola. Waibel (EEO Investigator) told Jaiyeola that she could not evaluate whether Jaiyeola's technical skills in the review were fairly rated. Jaiyeola was surprised that Waibel said she could not determine fairness in a performance review because the review has engineering issues. An EEO investigator is normally trained to determine fairness in any situation whether technical or not; an investigator considers facts from all sides and then determine if fairness prevailed. Jaiyeola then suggested that Waibel should talk with Mandepudi (Laxminarayanan's Supervisor). On May 4, 2023, Mandepudi scheduled a meeting with Jaiyeola, Botsford, and Bujtor. Jaiyeola was surprised that Mandepudi invited Bujtor and Botsford to a meeting to evaluate Jaiyeola on the technical skills in Jaiyeola's performance review. On getting to the meeting, Jaiyeola objected to the presence of Bujtor. Bujtor did not recuse himself from the meeting. Bujtor did most of the talking at the meeting and he was pressuring Jaiyeola to withdraw his EEO complaint. Bujtor engaged in adverse employment actions against Jaiyeola by his presence at the May 4, 2023 meeting and by the pressure that he put on Jaiyeola at the May 4, 2023 meeting.

13.     Waibel is a Manager in the Apple Employee Relations Department and the EEO Investigator that heard most of Jaiyeola's EEO complaints. Waibel told Jaiyeola that EEO

complaints directed to the Apple EEO Officer (Carol Surface) are investigated and decided by her.
Investigation reports at Apple would show that Waibel ignored the facts in Jaiyeola's EEO
complaints and repeatedly engaged in adverse employment actions against Jaiyeola. Examples of
Waibel's adverse employment actions against Jaiyeola include the following: a.) Waibel told
Jaiyeola she could not determine fairness in the performance reviews that Laxminarayanan did on
Jaiyeola because the review contains engineering issues. b.) One of Jaiyeola's EEO complaints was
that Laxminarayanan was changing the agenda for one-on-one meetings with Jaiyeola a few
minutes before such meetings and without informing Jaiyeola. Laxminarayanan did this repeatedly
and Jaiyeola filed EEO complaints on the issue. On June 30, 2023, Waibel told Jaiyeola that she
could not guarantee that Laxminarayanan would not continue to change one-on-one meeting
agendas abruptly and without informing Jaiyeola. c.) Waibel said the presence of Bujtor at the
meeting on May 4, 2023 was proper and Bujtor affirmed the negative performance review that
Laxminarayanan did on Jaiyeola at the May 4, 2023 meeting. Waibel essentially told Jaiyeola that
Bujtor decided Jaiyeola's EEO complaints for her (Waibel - the EEO Investigator).

14.     Plaintiff plans to judicially notice Apple during this lawsuit. "...federal courts take
judicial notice of the existence of filings in other cases and of press releases. *United States v. S.*
*California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004); *Brodsky v. Yahoo! Inc.*, 630 F.
Supp. 2d 1104, 1111 (N.D. Cal. 2009)."[1] A news article[2] dated December 10, 2022, has the
following header: "Apple will let its employees talk about discrimination and abuse"; indicating a
new policy by Defendant Apple. Some employment discrimination lawsuits against Defendant
Apple include the following: *Zayed v. Apple Computers Inc., et al.*, No. 5:04-cv-01787, Doc. 12

---

[1] *County of Santa Barbara v. Haugrud et al.*, No. 2:17-cv-00703, Doc. 5 (C.D. Cal. 2017).
[2] Emma Roth, *Apple will let its employees talk about discrimination and abuse*, Dec 10, 2022,
available at https://www.theverge.com/2022/12/10/23503083/apple-employees-discrimination-abuse-ndas

(N.D. Cal. 2004); *Shruhan, Jr. v. Apple Inc., et al.*, No. 5:22-cv-05481, Doc. 1 (N.D. Cal. 2022).

15.     Plaintiff may include additional Apple employees in this lawsuit that the facts of this lawsuit point to.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, including those alleged under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et seq.*

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) & (c). Plaintiff's claims arose in California, and the acts complained of herein occurred in this judicial district and gave rise to the claims alleged. Defendant operates its business in California with its corporate headquarters based in Northern California.

## COUNT I
## RACIAL DISCRIMINATION 42 U.S.C. § 1981

18.     Jaiyeola realleges and incorporates all preceding paragraphs.

19.     Apple, through its employees, engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Plaintiff's employment.

20.     At all relevant times, Apple had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

21.     The Apple employees named above were agents of Apple who acted with express authority from Apple.

22.     Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

23.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

24.     Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count I of his Complaint, for a finding that he has been subjected to unlawful racial discrimination in violation of 42 U.S.C. § 1981; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT II
### RACIAL DISCRIMINATION - 42 U.S.C. § 2000 et seq.

25.     Jaiyeola realleges and incorporates all preceding paragraphs.

26.     Apple, through its employees named above, engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq. in connection with the terms and conditions of Plaintiff's employment. Apple, through its employees named above, engaged in a pattern and practice of unlawful racial discrimination in connection with Plaintiff's work

assignments, performance bonus, and the terms and conditions of Plaintiff's employment. Despite Jaiyeola's unique and outstanding technical performance as regards an Apple consumer product, Jaiyeola was denied a performance bonus on the basis of his race.

27.     At all relevant times, Apple had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

28.     The Apple employees named above were agents of Apple who acted with express authority from Apple.

29.     Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

30.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

31.     Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count II of his Complaint, for a finding that he has been subjected to unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable

attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT III
### RACIAL DISCRIMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE §12940 et seq.

32.    Jaiyeola realleges and incorporates all preceding paragraphs.

33.    Defendants, through its employees, engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California Government Code §12940 et seq. in connection with Plaintiff's work assignments, performance bonus, and the terms and conditions of Plaintiff's employment. Despite Jaiyeola's unique and outstanding technical performances as regards an Apple consumer product, Jaiyeola was denied a performance bonus on the basis of his race.

34.    At all relevant times, Apple had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

35.    The Apple employees named above were agents of Apple who acted with express authority from Apple.

36.    Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

37.    As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

38.    Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count III of his Complaint, for a finding that he has been subjected to unlawful racial discrimination in violation of California Government Code §12940 et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT IV
### NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 et seq.

39.    Jaiyeola realleges and incorporates all preceding paragraphs.

40.    Apple, through its employees named above, engaged in a continuing pattern and practice of unlawful discrimination based on national origin in violation of California Government Code §12940 et seq. in connection with Plaintiff's work assignments, performance bonus, and the terms and conditions of Plaintiff's employment. Despite Jaiyeola's unique and outstanding technical performances as regards an Apple consumer product, Jaiyeola was denied a performance bonus on the basis of his national origin.

41.    At all relevant times, Apple had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

-13-

42.     The Apple employees named above were agents of Apple who acted with express authority from Apple.

43.     Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

44.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

45.     Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination based on national origin in violation of California Government Code §12940 et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT V
## FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT
## CALIFORNIA GOVERNMENT CODE § 12940

46.     Jaiyeola realleges and incorporates all preceding paragraphs.

47.     Apple failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

48.     At all relevant times, Apple had actual and constructive knowledge of the discriminatory and harassing conduct described and alleged herein, and condoned, ratified and participated in the discrimination and harassment. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination and harassment, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

49.     The Apple employees named above were agents of Apple who acted with express authority from Apple.

50.     Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

51.     As a direct and proximate result of the willful, knowing, and intentional discrimination and harassment against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

52.     Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count V of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment in violation of California Government Code §12940 et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT VI

### RETALIATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE §12940(f)

53.     Jaiyeola realleges and incorporates all preceding paragraphs.

54.     Under California Government Code §12940(f), Apple is prohibited from engaging in retaliation against Plaintiff for opposing any practices forbidden or made unlawful under California Government Code §12940. Apple is further prohibited from engaging in retaliation against Plaintiff by any Apple's policy.

55.     Plaintiff complained to Apple on numerous occasions alleged herein that Plaintiff was being harassed and discriminated against on the basis of his race, national origin, and color; and denied performance bonus. In retaliation, Plaintiff's Manager (Laxminarayanan) put Plaintiff on a performance improvement plan. Plaintiff complained to the Apple EEO Officer (Carol Surface). Surface affirmed Laxminarayanan's decision on the performance improvement plan.

56.     At all relevant times, Apple had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination and retaliation. As a result of the hostile and offensive work environment perpetrated and maintained by Apple and Apple employees named above; and Apple's failure to protect Plaintiff from further discrimination and retaliation, Plaintiff suffered devaluation of knowledge, denial of performance bonus, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

57.     The Apple employees named above were agents of Apple who acted with express authority from Apple.

58.     Jaiyeola has been treated differently as a result of Apple's wrongful conduct and its policies, practices, and procedures.

59.     As a direct and proximate result of the willful, knowing, and intentional

discrimination and retaliation against Plaintiff, and the failure to act by Apple, Jaiyeola has suffered garden variety emotional distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

60.     Apple and its employees (named above) acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's Federally protected rights. Apple is therefore liable for punitive damages in an amount sufficient to punish Apple and to deter it and other employers from engaging in similar conduct or condone similar conduct by employees.

WHEREFORE, Jaiyeola prays for judgment against Apple on Count VI of his Complaint, for a finding that he has been subjected to unlawful discrimination and retaliation in violation of California Government Code §12940(f); compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.     For an Order of this Court:

    A.     Stopping Apple from continuing its ongoing performance improvement plan on Plaintiff.

    B.     Stopping Apple from implementing any discriminatory and retaliatory practices against Plaintiff.

2.     Garden variety emotional distress damages in an amount to be proven at trial;

3.     Compensatory, economic, general, and special damages in amounts to be proven at trial;

4.     Punitive damages in an amount to be proven at trial;

5.     If Plaintiff hires an Attorney, for the reasonable value of attorney services and fees,

pursuant to applicable statutes, including, but not limited to, FEHA;

6.  For prejudgment interest;

7.  For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Dr. Ganiyu A. Jaiyeola respectfully demands a trial by jury on all issues allowed by law.

Date:   July 12, 2023

Ganiyu A. Jaiyeola, Ph.D., MBA
10870 North Stelling Road, #37D
Cupertino, California 95014
(616) 635-4025 (Phone)
ganiyu.jaiyeola@gmail.com
pro se Plaintiff