UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC,<br><br>　　　　Defendant. | Case No.   5:23-cv-03462-EJD<br><br>**ORDER DENYING PLAINTIFF'S SECOND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF Nos. 6, 18, 22 |

On July 26, 2023, the Court denied Plaintiff Ganiyu Jaiyeola's *ex parte* application for a temporary restraining order ("TRO"), enjoining Apple from harassing or terminating him. ECF No. 12 ("7/26/23 Order"). In doing so, the Court found that Plaintiff had failed to show likelihood of success on the merits and irreparable harm. *Id.* The Court also converted the TRO application into a motion for preliminary injunction and scheduled a hearing for August 24, 2023. *Id.*

Plaintiff now brings a renewed *ex parte* TRO application because he received notice on August 8, 2023, that his employment was being terminated. ECF No. 18 ("TRO Appl."). Plaintiff seeks an order "immediately returning Plaintiff to work, and [an] Order prohibiting Apple from any further retaliation against Plaintiff." *Id.*

Having reviewed Plaintiff's briefing, the Court DENIES Plaintiff's second TRO application and VACATES the scheduled hearing for August 24, 2023.

## I. BACKGROUND

The Court recently provided an overview of the factual background in its 7/26/23 Order and, therefore, does not repeat those facts here. ECF No. 12. However, Plaintiff's renewed TRO application relays additional facts and events that have transpired since the Court's order.

On August 8, 2023, Plaintiff attended a "Documented Coaching" meeting with his supervisor at Apple (Sowmya Laxminarayanan), a director (Chris Bruni), and a human resources employee (Lewis Botsford). Jaiyeola Decl. ¶¶ 4–6, ECF No. 18-4. In the middle of Plaintiff's slide presentation, Laxminarayanan stopped the presentation and indicated that she had decided to terminated Plaintiff's employment because of "performance issues." *Id.* ¶ 7. Laxminarayan gave Plaintiff a letter that stated, "On July 5, 2023, you began a Documented Coaching [sic]. You have failed to successfully meet the objectives and expectations of your position. Therefore, your employment with Apple will be terminated effective August 15, 2023." *Id.* ¶ 7; *see also* Jaiyeola Decl., Ex. A.

After Laxminarayanan informed Plaintiff of his termination, she confiscated Plaintiff's work laptop, work phone, badge, and Apple ID card. Jaiyeola Decl. ¶ 8. Plaintiff was not permitted to return to his desk, and Laxminarayan retrieved Plaintiff's personal items and brought them to Plaintiff in the meeting room. *Id.* Bruni then escorted Plaintiff from the building. *Id.*

On August 9, 2023, Plaintiff filed the instant *ex parte* TRO application. ECF No. 18.

## II. DISCUSSION

### A. August 9 TRO Application

The Court previously discussed the legal standards for TROs and preliminary injunctions in its 7/26/23 Order. A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court had previously found that Plaintiff failed to demonstrate a likelihood of success on the merits because he had adduced no evidence of discriminatory or retaliatory intent or evidence that such intent played a role in Plaintiff's alleged adverse employment action. 7/26/23

Order 4–5 (collecting cases). Plaintiff's renewed TRO Application does not provide any additional facts or allegations that would cause the Court to depart from its prior findings. Although Plaintiff has now experienced a clear adverse employment action, he has not provided any evidence that would permit the Court to infer that the action was a result of discriminatory or retaliatory intent. Plaintiff reiterates the Complaint's allegations that he had filed several complaints with Apple's Equal Employment Opportunity office against Laxminarayanan since 2022, which he contends demonstrates retaliatory intent in connection with his termination. Jaiyeola Decl. ¶¶ 9–10; TRO Appl. 6–7. However, this assertion alone is insufficient to demonstrate a likelihood of success, especially given that the evidence of Plaintiff's long and continuous history of filing EEO complaints in 2022 may attenuate those complaints' causal connection to his recent termination. In short, the Court again finds that Plaintiff has not satisfied his obligation to show a likelihood of success on the merits.

Additionally, the Court again finds that Plaintiff has not demonstrated that irreparable injury is likely in the absence of injunctive relief. As the Court previously noted in its 7/26/23 Order, loss of employment and corresponding benefits are harms that may be remedied by money damages and, therefore, are not irreparable. 7/26/23 Order 5–6. Nor has Plaintiff shown that he would experience serious emotional distress in the future if the TRO is not granted; Plaintiff only claims that he "*has suffered* irreparable injury and emotional distress," a past harm that is again remedied by damages. TRO Appl. 8 (emphasis added). Finally, Plaintiff attempts to show that his termination would result in a "chilling effect" amongst Apple employees because the "sight of Laxminarayanan hauling Jaiyeola's personal items from his former desk to the outer meeting room must have given Apple employees on the first floor of Building 5 a 'chilling effect' and irreparable harm to Jaiyeola." TRO Appl. 8. Plaintiff again impermissibly relies on speculating what other employees "must have" thought and does not proffer any evidence of what other Apple employees actually did think. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Accordingly, Plaintiff has not satisfied his obligation to show irreparable harm.

Finally, the Court again finds that the balance of equities and public interest does not tip in favor of one party or the other. *See* 7/26/23 Order 8–9.

Because Plaintiff has again failed to establish likelihood of success on the merits and irreparable harm, the Court DENIES Plaintiff's second TRO Application filed on August 9, 2023.

### B.  Preliminary Injunction Hearing

In its 7/26/23 Order, the Court also converted Plaintiff's original TRO Application into a motion for preliminary injunction and scheduled a briefing schedule and hearing for August 24, 2023. 7/26/23 Order 9.

However, as both parties have noted, the termination of Plaintiff's employment at Apple effectively moots the preliminary injunction. TRO Appl. 9 ("By terminating Jaiyeola's job on August 8, 2023, Defendant Apple mooted the motion for preliminary injunction."); *see also* Def.'s Opp'n Pl.'s Mot. Prelim. Inj. 9 ("Plaintiff's motion for a preliminary injunction fails because, as explained above, it is moot."), ECF No. 21. Accordingly, the Court DENIES AS MOOT Plaintiff's TRO Application filed July 20, 2023, which the Court had converted into a motion for preliminary injunction, and VACATES the hearing scheduled for August 24, 2023.

Consequently, the Court also DENIES IN PART Plaintiff's *ex parte* application filed on August 17, 2023, to the extent Plaintiff requests additional pages for his reply in support of preliminary injunction. ECF No. 22.

### C.  Apple's Motion to Dismiss

On August 7, 2023, Apple filed a motion to dismiss Plaintiff's Complaint based on Rule 12(b)(6). ECF No. 15. Apple's motion is scheduled to be heard on September 14, 2023.

On August 17, 2023, Plaintiff filed another *ex parte* application, requesting an additional seven days to respond to Apple's motion to dismiss and leave to amend his original complaint. ECF No. 22. On August 21, 2023, Plaintiff nonetheless filed his opposition to the motion to dismiss and requested leave to amend. ECF No. 24. Accordingly, Plaintiff's August 17 *ex parte* application is DENIED AS MOOT with respect to his request for additional time to respond. Additionally, the Court will DEFER ruling on Plaintiff's request for leave to amend as advanced in his August 17 application, which will be heard concurrently with Apple's motion to dismiss.

### III. CONCLUSION

Based on the foregoing, the Court rules as follows:

1. Plaintiff's August 9 *Ex Parte* Application for a Temporary Restraining Order is DENIED;

2. Plaintiff's July 20 *Ex Parte* Application that the Court converted to a motion for preliminary injunction is DENIED AS MOOT;

3. The hearing scheduled for August 24, 2023, is VACATED;

4. Plaintiff's August 17 *Ex Parte* Application is DENIED IN PART and DEFERRED IN PART.  The request for additional pages in support of the preliminary injunction is DENIED AS MOOT; the request for additional time to respond to Apple's motion to dismiss is DENIED AS MOOT; and the request for leave to amend is DEFERRED until Apple's motion to dismiss hearing.

**IT IS SO ORDERED.**

Dated:  August 22, 2023

EDWARD J. DAVILA
United States District Judge