UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC,<br><br>    Defendant. | Case No. 5:23-cv-03462-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 44, 50 |

Pro se Plaintiff, Ganiyu Ayinla Jaiyeola ("Jaiyeola"), filed this action against his former employer, Defendant, Apple, Inc., ("Apple"), asserting six claims under 42 U.S.C. § 1981, Title VII, and the California Fair Employment and Housing Act ("FEHA") based on race and national origin discrimination, hostile work environment, and retaliation. First Am. Compl. ("FAC"), ECF No. 31. Before the Court are Apple's motion to dismiss Jaiyeola's first amended complaint ("FAC"), and Jaiyeola's motion for leave to file a second amended complaint ("SAC"). Mot. to Dismiss ("MTD"), ECF No. 44; Mot. for Leave to Amend ("Mot. for Leave"), ECF No. 50. Both motions are fully briefed. Opp'n to MTD, ECF No. 53; Reply In Supp. of MTD, ECF No. 55; Opp'n to Mot. for Leave, ECF No. 54; Reply in Supp. of Mot. for Leave, ECF No. 56.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons explained below, the Court **GRANTS** Apple's motion to dismiss and **DENIES** Jaiyeola's motion for leave to file an amended complaint.

I.  **BACKGROUND**

A.  **Factual Background**

Jaiyeola worked for Apple as a Senior Subject Matter Expert from February 21, 2022, until his termination on August 8, 2023.  FAC ¶¶ 2, 5–6.  Jaiyeola's claims arise out of his interactions with the following Apple employees.

Shiva Mandepudi

Shiva Mandepudi was a senior Apple manager during Jaiyeola's employment.  *Id.* ¶ 11.  In Jaiyeola's initial video meeting with Mandepudi, Mandepudi allegedly told Jaiyeola that Jaiyeola "couldn't do the job," that Mandepudi "didn't want a lazy person," and that Jaiyeola should decline the offer.  *Id.*  Jaiyeola also alleges that at some point in 2022, Mandepudi "scolded" Jaiyeola in a one-on-one meeting and during a presentation.  *Id.* ¶ 32.  Jaiyeola further alleges that Mandepudi told Rolling[1] that Rolling "was hired because he is White," and willfully delayed the permanent resident application for Afolabi,[2] who Jaiyeola alleges is Black and Nigerian.  *Id.*

Jaiyeola filed a "discrimination complaint" against Mandepudi "based on what he did and said on January 2022 and after January 2022."  *Id.* ¶ 11.  The results of the investigation are currently unknown to Jaiyeola.  *Id.*

Sowmya Laxminarayanan

Sowmya Laxminarayanan was Jaiyeola's supervisor during his entire employment at Apple.  *Id.* ¶ 7.  Jaiyeola alleges that Laxminarayanan "repeatedly discriminated against Jaiyeola, undervalued Jaiyeola's knowledge, harassed Jaiyeola, created a very hostile work environment harassment, denied Jaiyeola due process, frequently shop for negatives on Jaiyeola, [and] denied Jaiyeola a performance bonus."  *Id.* ¶ 12.  Laxminarayanan allegedly made negative comments to Jaiyeola, including telling him that "nobody likes [him]," that Mandepudi "thinks [he] just sit[s] down in the office doing nothing," and that a senior Apple manager Mike Barnstead "thinks [his]

---

[1] The FAC does not identify Rolling's position, but the Court presumes based on the context that Rolling is another Apple employee.
[2] The FAC does not identify Afolabi's position, but again here, the Court presumes based on the context that Afolabi is another Apple employee.

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
2

job is subpar." *Id.*

Jaiyeola filed "many" complaints against Laxminarayanan with Apple's Equal Employment Opportunity ("EEO") office but alleges that the reports did not produce any improvement to Laxminarayanan's conduct. *Id.* To the contrary, Jaiyeola alleges that "Laxminarayanan increased her EEO violations against Jaiyeola after every EEO complaint-investigation that Jaiyeola initiated." *Id.*

On June 28, 2023, Laxminarayanan informed Jaiyeola that he exhibited negative performance from October 2022 to June 2023, and told Jaiyeola that he could either be placed on a performance improvement plan known as Documented Coaching ("DC"), or he could sign a "Settlement Offer" and resign from Apple. *Id.* ¶¶ 12, 22. Jaiyeola chose to be placed on DC, which began on July 5, 2023. *Id.* ¶ 12. Jaiyeola then filed an EEO complaint against Laxminarayanan for placing him on DC and presently alleges that his DC placement was an adverse employment action and a denial of his due process rights because Laxminarayanan did not give Jaiyeola a chance to respond to the allegations regarding his negative performance. *Id.* ¶¶ 12, 13.

Shortly after being placed on DC, Jaiyeola made a request to use vacation time for the following day. *Id.* ¶ 14. Laxminarayanan approved the vacation time but allegedly added that Jaiyeola still must meet his DC deadline requirements. *Id.* Jaiyeola alleges that, "[b]y insisting that Jaiyeola must meet the deadlines in the DC for Jaiyeola, Laxminarayanan violated Apple's policy and guidelines on vacation time and she violated Jaiyeola's Apple EEO and Jaiyeola's U.S. EEO Rights." *Id.* ¶ 14.

Jaiyeola also alleges that Laxminarayanan engaged in other discriminatory behavior, including: pressuring him to accept incorrect data; asking him to not talk at certain meetings; telling him that there was confusion when he gave PowerPoint presentations; telling him that "multiple sources" said that he wasn't doing his job; giving him a "below expectation" rating at his mid-year review; scolding him; and calling only certain other employees aside for a meeting who were "White and American," "Asian and Chinese," and "Asian and Indian," but not calling

Jaiyeola and Afolabi into the meeting. *Id.* ¶ 31.

### Christopher Bruni

Christopher Bruni was Mandepudi's supervisor during Jaiyeola's employment. *Id.* ¶ 15. Jaiyeola alleges that Bruni discriminated against Jaiyeola by pressuring Jaiyeola to not file EEO complaints and telling Jaiyeola that "it was improper for Jaiyeola to use the word 'wrong' when letting a vendor employee know that the vendor employee was wrong as regards [*sic*] an engineering testing that Jaiyeola asked the vendor employee to do." *Id.* ¶ 15. Jaiyeola also alleges that Bruni had falsely accused him of threatening to file a lawsuit in a March 30 meeting, which prompted Jaiyeola to file an EEO complaint against Bruni. *Id.*

Jaiyeola also alleges that on June 27, 2023, Bruni—along with another Apple employee Lewis Botsford (discussed further below)—"improperly showed up at a one-on-one meeting that Laxminarayanan scheduled with Jaiyeola and Bruni pressured Jaiyeola for about 20 minutes requesting to be part of the one-on-one meeting," which "emotionally traumatized" Jaiyeola. *Id.* ¶¶ 15, 16. Jaiyeola filed another EEO complaint against Bruni for "being present at a meeting that he [] was not scheduled to attend and for pressuring Jaiyeola to have an unscheduled meeting with him." *Id.*

### Lewis Botsford

Lewis Botsford was an Apple employee during Jaiyeola's employment. *Id.* ¶ 15. During the June 27 discussion described in the prior paragraph, Botsford allegedly "asked Jaiyeola to step out of the meeting room for about 5 minutes, cool off, and then come back in" to continue the meeting. *Id.* ¶ 16. After the meeting, Jaiyeola filed an EEO complaint against Botsford "for being present at a meeting that he was not scheduled to attend and for pressuring Jaiyeola to have an unscheduled meeting." *Id.*

### Howard Bujtor

Howard Bujtor was a senior Apple director during Jaiyeola's employment. *Id.* ¶ 17. Jaiyeola alleges that Bujtor had told him that he "heard from multiple sources that [Plaintiff was] not being a team player" and asked him, "Do you want to lose your job?" *Id.* Jaiyeola also alleges

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
4

that at a May 4, 2023, meeting with Jaiyeola, Bujtor allegedly pressured Jaiyeola to withdraw an EEO complaint against Laxminarayanan. *Id.*

Waibel[3]

Waibel was a Manager in the Apple Employee Relations Department during Jaiyeola's employment and the EEO Investigator that heard most of Jaiyeola's EEO complaints. *Id.* ¶ 18. Jaiyeola alleges that Waibel ignored facts in his complaints and repeatedly engaged in adverse employment actions including: telling Jaiyeola that she could not determine the fairness in his performance reviews because they involved engineering issues; telling Jaiyeola that she could not guarantee that Laxminarayanan would not continue to change one-on-one meeting agendas abruptly and without informing Jaiyeola; and telling Jaiyeola that Bujtor's presence at the May 4 meeting was proper and Bujtor affirmed the negative performance review that Laxminarayanan did on Jaiyeola. *Id.* ¶ 19.

Termination

On August 8, 2023, Laxminarayanan terminated Jaiyeola's employment with Apple, citing to his failure to meet the deliverables specified in the DC. *Id.* ¶ 26.

**B.  Procedural Background**

Jaiyeola filed his original complaint on July 12, 2023. ECF No. 1. Since then, the Parties have engaged in significant motions practice relevant to this Order, as summarized below.

**1.  Ex Parte Applications for Temporary Restraining Orders and Appeals**

Shortly after filing his original complaint, Jaiyeola filed an ex parte application for a temporary restraining order, seeking to enjoin Apple from harassing or terminating him. ECF No. 6. The Court denied Jaiyeola's request, finding in part that Jaiyeola failed to show that he is likely to succeed on the merits of the claims asserted in his first complaint. Order Den. Ex Parte Appl. For Temp. Restraining Order ("First TRO Order"), ECF No. 12. Specifically, the Court found that Jaiyeola relied solely on his supervisor's remarks to demonstrate success on the merits, but the

---

[3] The FAC does not identify a second name for Waibel.

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
5

1   remarks did not evidence any discriminatory or retaliatory intent, and Jaiyeola did not present any

2   evidence for the Court to infer that such intent played a role in causing those remarks. *Id.* at 4–5.

3           Approximately two weeks later, Jaiyeola filed his second ex parte application for a

4   temporary restraining order after receiving notice that his employment was being terminated,

5   seeking an order immediately returning him to work and an order prohibiting Apple from any

6   further retaliation. ECF No. 18. The Court denied Jaiyeola's second request, finding that Jaiyeola

7   again failed to provide any evidence that would permit the Court to infer that this adverse

8   employment action was the result of discriminatory or retaliatory intent. Order Den. Second Ex

9   Parte Appl. For Temp. Restraining Order ("Second TRO Order").

10          Jaiyeola appealed the Second TRO Order to the Ninth Circuit the day after the Order was

11  entered. ECF No. 26. The Ninth Circuit denied Jaiyeola's motion for injunctive relief and

12  subsequent motion for reconsideration. ECF Nos. 38, 59. The remainder of the appeal is pending.

13  *See* ECF No. 59.

14          After filing his appeal, Jaiyeola also filed in this Court a motion for relief from the Second

15  TRO Order. ECF No. 35. The Court denied Jaiyeola's motion, and the next day Jaiyeola

16  appealed that Order as well. ECF Nos. 46, 52. This appeal is also still pending.

17          **2.**     **Motions to Dismiss and Amended Complaints**

18          Apple filed its first motion to dismiss on August 7, 2023. ECF No. 15. Approximately

19  one month later, and after the Court's two orders denying his TRO applications, Jaiyeola filed his

20  FAC, invoking Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 31. However, Jaiyeola's

21  deadline to amend as a matter of course had already lapsed, and Jaiyeola failed to seek the Court's

22  leave to file an amended complaint or opposing party's written consent. Fed. R. Civ. P. 15(a)(2).

23  The Court found that the FAC was untimely but excused the untimeliness "in th[at] instance

24  only," granting Jaiyeola leave to amend and terminating Apple's motion to dismiss as moot. ECF

25  No. 40. In its Order allowing the filing, the Court explicitly admonished Jaiyeola and directed him

26  "to comply with the federal and local rules of civil procedure for all future filings, including

27  seeking the Court's leave or opposing counsel's consent to any further amendments." *Id.* at 1.

28  Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
6

1    Apple filed its second and present motion to dismiss soon after, and two days later,
2    Jaiyeola filed his SAC, again without leave from the Court in violation of federal and local rules
3    and the Court's explicit prior order. ECF No. 45. The Court struck the SAC, admonishing
4    Jaiyeola once again, and allowed Jaiyeola to refile with opposing counsel's consent or an
5    accompanying motion for leave to amend. ECF No. 49. The same day as the Court's Order,
6    Jaiyeola filed the present motion for leave to file a second amended complaint. Mot. for Leave.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Pro. 8(a)(2). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S at 664. The court also must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
7

1    If the court concludes that a 12(b)(6) motion should be granted, the "court should grant

2    leave to amend even if no request to amend the pleading was made, unless it determines that the

3    pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d

4    1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.   DISCUSSION

### A.   Judicial Notice

As an initial matter, Jaiyeola requests that the Court take judicial notice of (1) a separate lawsuit Jaiyeola filed in this Court against Apple and other defendants, Opp'n to MTD 17–18, and (2) and a recent settlement between Apple and the U.S. Department of Justice ("DOJ") arising out of alleged hiring discrimination, Req. for Judicial Notice, ECF No. 57.

Courts may consider materials outside a complaint where such materials are incorporated by reference or subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice is proper if the facts requested to be noticed are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In granting requests for judicial notice, the Court may only take notice as to the existence of these cases "and the facts contained therein, not as to the (disputed) inferences that Defendant [may] seek[] to draw from them." *Darensburg v. Metro. Transp. Comm'n*, No. 5-CV-01597-EDL, 2006 WL 167657, at *3 (N.D. Cal. Jan. 20, 2006); *Khoja*, 899 F.3d at 999 ("But a court cannot take judicial notice of disputed facts contained in such public records.").

The Court will address each of Jaiyeola's requests in turn.

#### 1.   *Jaiyeola v. AT&T Inc., T-Mobile US, and Verizon Communications, Inc.*, 5:23-cv-05182 (N.D. Cal. October 11, 2023)

First, in his opposition to the motion to dismiss, Jaiyeola requested that the Court take judicial notice of a separate action initiated by Jaiyeola currently before this Court in *Jaiyeola v. AT&T Inc., T-Mobile US, and Verizon Communications, Inc.*, 5:23-cv-05182 (N.D. Cal. October 11, 2023) ("AT&T action"). Opp'n to MTD 17–18.

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
8

"As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Lowe v. McDonald*, 221 F.2d 228, 230 (9th Cir. 1955). There are two exceptions to this rule: (1) where the prior action is brought into the pleadings in the case on trial, or (2) where the two cases represent related litigation. *Id.* Neither exception is available here.

While Jaiyeola and Apple are both parties in the AT&T action, there is little to no overlap between the facts and causes of action such that the AT&T action can be considered a "related litigation" to the instant action. The AT&T action alleges false advertising of the iPhone 15 Pro pursuant to 15 U.S.C. § 1125(a). Although Jaiyeola alleges that he discovered information giving rise to his false advertising claim while employed at Apple, and that his extensive work on the iPhone 16 exemplifies that his poor performance reviews in this action were inaccurate, the AT&T action does not involve the alleged discriminatory conduct giving rise to the current claims.

Therefore, the Court **DENIES** Jaiyeola's request for judicial notice of the AT&T action.

### 2. DOJ Settlement

Second, in a separate request filed on November 13, 2023, Jaiyeola requests that the Court take notice of a $25 million settlement between Apple and the DOJ whereby DOJ alleged that Apple engaged in a pattern of discriminating against U.S. citizens in its hiring practices. Req. for Judicial Notice, ECF No. 57.

The Court will take notice of the DOJ settlement as a public document whose accuracy cannot reasonably be challenged. However, the Court will not take notice of the disputed facts contained therein. *See* Khoja, 899 F.3d at 999; *Darensburg*, No. 5-CV-01597-EDL, 2006 WL 167657, at *3.

Therefore, the Court **GRANTS** Jaiyeola's request for judicial notice of the DOJ settlement.

### B. Motion to Dismiss

Apple argues that Jaiyeola's claims for discrimination based on his race or national origin under Counts I–V fail due to his inability to plead facts establishing a prima facie case of

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
9

1  discrimination based on his protected class.  Apple also argues that Jaiyeola's claim for retaliation
2  under Count VI fails due to his inability to plead facts sufficient to show that he experienced an
3  adverse employment action or a causal connection between any complaints and an adverse
4  employment action.  The Court will address each argument in turn.

### 1.     Discrimination Claims under Section 1981, Title VII, and FEHA

The FAC alleges that Apple discriminated against Jaiyeola based on race and national origin in violation of 42 U.S. § 1981, Title VII, and FEHA.  Jaiyeola identifies himself as African American, Black, and Nigerian.  FAC ¶ 2.

Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981.  To prevail on a Section 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

The federal antidiscrimination statute in Title VII and California's FEHA include identical text making it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's . . . race, color . . . or national origin."  42 U.S.C. § 2000e-2(a)(1); Cal. Gov't Code § 12940(a).

As the Court explained in its TRO Orders, a common requirement to prevail on claims arising under Section 1981, Title VII, and FEHA, is presenting facts directly showing discrimination or facts by which a court may infer discrimination, i.e., that similarly situated individuals were treated more favorably.  First TRO Order 4 (citing *Harrison v. Wells Fargo Bank*, 2020 WL 1322921, at *3 (N.D. Cal. Mar. 20, 2020) ("Section 1981 prohibits racial discrimination in the making and enforcement of private contracts . . . but 'reaches only *purposeful discrimination*.'") (emphasis added); *Abdul-Haqq v. Kaiser Emergency in San Leandro*, 2017 WL

Case No.:  5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
10

550235, at *7 (N.D. Cal. Feb. 10, 2017) ("To establish a prima facie case of [Title VII or FEHA] discrimination based on race, plaintiff must allege that . . . (4) *similarly situated individuals outside the protected class were treated more favorably*, or other circumstances surrounding the adverse employment action that give rise to an inference of discrimination.") (emphasis added); *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703 (N.D. Cal. 2014) ("The elements for a claim of hostile environment under FEHA are: . . . (2) the plaintiff was subjected to unwelcome harassment *because of being a member of that group*.") (emphasis added); *Voellger v. Dignity Health*, 2020 WL 13505419, at *2 (N.D. Cal. Dec. 21, 2020) ("To establish a prima facie case of retaliation under FEHA, a plaintiff must show (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a *causal link existed between the proposed activity and the employer's action*.") (emphasis added)); *see also* Second TRO Order 2–3.

Apple argues that the FAC fails to plead facts linking the employment actions Jaiyeola identifies (e.g., termination, performance management, alleged lack of agenda for phone calls) to his race or national origin. MTD 9–11. The Court agrees.

The Court finds that the FAC is devoid of facts connecting the alleged conduct to Jaiyeola's race or national origin. As the Court explained in its TRO Orders, the remarks to which Jaiyeola cites do not show any discriminatory intent by their language alone, and the additional facts pled in Jaiyeola's FAC do not cure the deficiencies previously identified. *See* First TRO Order 3–5; Second TRO Order 2–3. For example, Jaiyeola newly alleges that on December 6, 2022, Laxminarayanan discriminated against him and Afolabi, another colleague who is Black and Nigerian, by inviting three employees that were "White and American," "Asian and Chinese," and "Asian and Indian" into a meeting without Jaiyeola and Afolabi. FAC ¶ 31. However, Jaiyeola fails to allege facts to allow the Court to infer that he was not invited into the meeting because of his race or nationality, i.e., what occurred in this meeting, what department hosted this meeting, whether a person in Jaiyeola's role would ordinarily be involved in this meeting, etc. A blanket observation of the ethnicities of attendees without more is insufficient to state a claim. Jaiyeola

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
11

1   also newly alleges his belief that Mandepudi told Rolling that Rolling "was hired because he is
2   White," and Mandepudi willfully delayed Afolabi's permanent resident application. *Id.* However,
3   neither of these allegations show an inference of race or national origin discrimination *toward*
4   *Jaiyeola* or have any relation to the conduct alleged. While facts generally depicting a
5   discriminatory work environment within Apple could potentially aid the Court in finding an
6   inference that Apple' conduct directed toward Jaiyeola was based on his race or national origin,
7   these two allegations alone do not rise to meet the Rule 8 pleading standards.

8   The Court will also note that the DOJ settlement, which it took judicial notice of above,
9   does not change this analysis. The DOJ settlement arises out of allegations that Apple
10  discriminated against U.S. citizens in its hiring process, instead preferring to hire workers holding
11  temporary employment visas for PERM related positions. Jaiyeola Decl., Ex. A, ECF No. 57-1, at
12  4–10. Jaiyeola, though a U.S. citizen, does not allege that he was discriminated against in the
13  hiring process based on his status as a U.S. citizen—he alleges that he was discriminated against
14  throughout his employment because of his race and Nigerian nationality. The judicially noticed
15  fact that the Apple entered a $25 million settlement with the DOJ over hiring discrimination is not
16  enough for the Court to infer discriminatory conduct to Jaiyeola based on race and nationality.

17  Therefore, the Court **GRANTS** Apple's motion for dismiss Counts I–V.

### 2. Retaliation Claim under FEHA

19  The FAC also alleges that Apple retaliated against Jaiyeola for raising discrimination
20  complaints in violation of FEHA. In addition to prohibiting discrimination, FEHA also prohibits
21  terminating an employee that has "opposed any practice forbidden" under FEHA. Cal. Gov. Code
22  § 12940(h). "To state a claim for unlawful retaliation under FEHA, a plaintiff must show that '(1)
23  he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse
24  employment action, and (3) a causal link existed between the protected activity and the employer's
25  action.'" *Abel Lugo v. Performance Transportation, LLC*, 2020 WL 7034336, at *3 (C.D. Cal.
26  Oct. 5, 2020) (quoting *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)).

27  Apple argues that Jaiyeola has failed to allege facts sufficient to show a causal link

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
12

1    between Jaiyeola's protected activity and any adverse employment action.  MTD 12–13.  The
2    Court agrees.
3         The Court finds that the Jaiyeola has failed to plead facts giving rise to a FEHA retaliation
4    claim.  The FAC alleges that Jaiyeola filed several complaints with Apple's EEO office over the
5    course of his employment against Laxminarayanan, Mandepudi, Bruni, and Botsford; however,
6    Jaiyeola failed to allege facts to show any causal connection between his various complaints and
7    any adverse employment action that followed.  As the Court noted in its Second TRO Order, this
8    is particularly true given that Jaiyeola's long and continuous history of filing EEO complaints
9    against various actors may attenuate those complaints' causal connection to, for example, his
10   termination in August 2023.  Second TRO Order 3.
11        The only allegations specifically calling out conduct related to Jaiyeola's EEO filings are
12   that Bujtor pressured Jaiyeola to withdraw his EEO complaint, and Bruni pressured Jaiyeola not to
13   file the EEO complaints against Laxminarayanan.  FAC ¶¶ 15, 17.  But notably missing from these
14   allegations are any facts regarding, for example, how Bujtor and Bruni exerted pressure (i.e.,
15   statements, threats, etc.), how this pressure constituted an adverse employment action, or which
16   EEO complaint caused their conduct.
17        Therefore, the Court **GRANTS** Apple's motion to dismiss Count VI.
18   **C.    Motion for Leave to File Amended Complaint**
19        District courts are instructed to "freely give leave to amend when justice so requires."  Fed.
20   R. Civ. Pro 15(a)(2).  Nevertheless, a court may deny leave to amend "due to 'undue delay, bad
21   faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
22   amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of
23   the amendment, [and] futility of amendment.'"  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d
24   522, 532 (9th Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Where, as here,
25   "the plaintiff has previously been granted leave to amend and has subsequently failed to add the
26   requisite particularity to its claims, the district court's discretion to deny leave to amend is
27   particularly broad."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009),
28   Case No.: 5:23-cv-03462-EJD
     ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
                                                    13

1  *as amended* (Feb. 10, 2009) (quotations omitted) (cleaned up).

2  The Court finds it appropriate to deny leave to amend in this instance given the prior
3  opportunity to cure and the apparent futility of future amendments.

4  While this is the Court's first order on a motion to dismiss in this case, it is not the Court's
5  first time informing Jaiyeola of the deficiencies in his claims.  Prior to filing his FAC, Jaiyeola had
6  the benefit of the Court's two prior TRO Orders identifying largely the same deficiencies
7  identified here, as well as the benefit of reviewing Apple's first motion to dismiss, which Apple
8  filed just before Jaiyeola filed his untimely superseding FAC without leave. *See* First TRO Order
9  3–5; Second TRO Order 2–3.  Indeed, Jaiyeola's opposition and motion for leave to file an
10 amended complaint show that Jaiyeola is well-versed in the legal standard he is required to meet;
11 but when given the opportunity to amend, ECF No. 40, Jaiyeola still failed to allege new facts to
12 state a claim.

13 The futility of future amendments is further evident upon review of the SAC.  The SAC
14 largely mirrors the FAC, including the deficiencies identified in the Court's TRO Orders and the
15 findings in this Order, with the only notable additions being facts regarding Jaiyeola's experience,
16 education, and job performance on the iPhone 14, 15, and 16, and the relative diminished abilities
17 of his colleagues.  *See, e.g.,* Jaiyeola Decl., Ex. A, ¶¶ 60-62, ECF No. 50-1.  These new allegations
18 still are not enough to infer a causal link between the conduct pled and Jaiyeola's race or
19 nationality, or the alleged retaliatory conduct and Jaiyeola's complaints of discrimination.  In other
20 words, upon review of the SAC, it is clear that the deficiencies at issue have "persisted in every
21 iteration of the complaint." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072
22 (9th Cir. 2008).

23 Notably, as a pro se plaintiff, the Court has shown Jaiyeola procedural leniency and has
24 construed his pleadings liberally. *See* ECF No. 40.  However, while Jaiyeola is a self-represented
25 litigant, he is an experienced, educated, and frequent litigant who has filed dozens of cases in
26 federal district courts and appellate courts across the country, including the Sixth, Ninth, and
27 Tenth Circuits.  *See, e.g., Jaiyeola v. Garmin Int'l, Inc.*, No. 20-CV-2068-EFM, 2022 WL

28 Case No.:   5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
14

16833253 (D. Kan. Nov. 9, 2022), *aff'd*, No. 22-3245, 2023 WL 4417480 (10th Cir. July 10, 2023) (found a vexatious litigant); *Jaiyeola v. Toyota Motor N. Am.*, No. 1:17-CV-562, 2021 WL 6061897, at *1 (W.D. Mich. Dec. 10, 2021), *aff'd sub nom. Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776 (6th Cir. June 16, 2022) (found a vexatious litigant).  Given his extensive litigation experience as well as the Court's prior notice of deficiencies and opportunity to amend, the Court does not believe that further amendment would yield new facts sufficient to state a claim.

Therefore, the Court **DENIES** Jaiyeola's motion for leave to file an amended complaint.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Apple's motion to dismiss and **DENIES** Jaiyeola's motion for leave to amend.  This case is **DISMISSED** with prejudice.  The Clerk of Court is instructed to close this file.

**IT IS SO ORDERED.**

Dated: March 27, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-03462-EJD
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND
15