United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GANIYU AYINLA JAIYEOLA,
Plaintiff,
v.
APPLE, INC,
Defendant.

Case No. 5:23-cv-03462-EJD

**ORDER DENYING MOTION TO DISQUALIFY**

Re: Dkt. No. 65

Before the Court is Plaintiff's motion to disqualify the Undersigned. Mot. to Disqualify, ECF No. 65. Plaintiff argues that a statement in the Court's March 27, 2024, order dismissing his case reveals a personal bias toward Plaintiff. *See* Order Granting Mot. to Dismiss and Den. Mot. for Leave to Am. ("Order of Dismissal"), ECF No. 60. Defendant filed an opposition, and Plaintiff filed a reply. Opp'n, ECF No. 70; Reply, ECF No. 71.

Having carefully reviewed the relevant documents, the Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons explained below, Plaintiff's motion is **DENIED**.

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455, both of which carry identical substantive tests for determining personal bias or prejudice. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than

United States District Court
Northern District of California

rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). "By themselves, adverse judicial rulings or critical remarks typically do not establish bias or prejudice," absent exceptional circumstances. *Perez v. Essentia Ins. Co.*, No. 23-CV-06077-VC, 2024 WL 242996, at *1 (N.D. Cal. Jan. 17, 2024) (citing *Pesnell v. Arsenault*, 543 F.3d 1038, 1043–44 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

Here, the only basis underlying Plaintiff's claim is a statement in the Court's order dismissing his case whereby the Court noted Plaintiff's higher education and familiarity with federal procedure, as displayed by Plaintiff's extensive filing history in other Circuits:

> Notably, as a pro se plaintiff, the Court has shown Jaiyeola procedural leniency and has construed his pleadings liberally. However, while Jaiyeola is a self-represented litigant, he is an experienced, educated, and frequent litigant who has filed dozens of cases in federal district courts and appellate courts across the country, including the Sixth, Ninth, and Tenth Circuits.

Order of Dismissal 14. In Plaintiff's reply, he argues that this statement meets the extrajudicial source factor because "the extrajudicial source was a judicially noticed record," presumably referring to the Court's citation to other litigations initiated by Plaintiff. Reply 4.

This statement, which the Court made in an order during the course of litigation, is not an extrajudicial source that can give rise to a motion to disqualify, and the Court finds no other exceptional circumstances present here. Further, the Court's citation to its independent legal research does not implicate judicial notice, as the Court did not take notice of any adjudicative fact contained in any case outside the one presently before it. *See, e.g., de Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Nov. 14, 2016) ("Although our common law system relies heavily on advocacy by the parties, judges are free to undertake independent legal research beyond the parties' submissions.")). However, even if the Court were to accept Plaintiff's position that the Court *sua sponte* took judicial notice of an

adjudicative fact without notice, this would not be an extrajudicial issue subject to a motion to disqualify. The Court also notes that Federal Rule of Civil Procedure 201(e) does not prohibit a court from taking judicial notice *sua sponte* before notifying a party; it provides that, if a court judicially notices an adjudicative fact without notifying a party, the party is still entitled to be heard on the propriety of taking judicial notice after the fact upon a timely request.

Ultimately, it seems Plaintiff is dissatisfied with the Undersigned's dismissal of his case. Dissatisfaction with adverse rulings alone, however, does not warrant recusal. Thus, the Court finds Plaintiff's motion to disqualify legally insufficient and **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: May 30, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California