UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC,<br><br>Defendant. | Case No.  5:23-cv-03462-EJD<br><br>**ORDER DENYING RULE 60(B) MOTIONS**<br><br>Re: Dkt. No. 64, 75 |

Before the Court are Jaiyeola's two motions: (1) to vacate the Court's order granting Defendant's motion to dismiss and denying Jaiyeola's motion for leave to file, Mot. to Vacate MTD Order, ECF No. 64; Opp'n, ECF No. 66; Reply, ECF No. 69; and (2) to vacate the Court's order denying Jaiyeola's motion to disqualify the Undersigned.  Mot. to Vacate Disqualification Order, ECF No. 75; Opp'n, ECF No. 76; Reply, ECF No 77.

After carefully considering the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the following reasons, the Court **DENIES** Jaiyeola's motions.

I.  **BACKGROUND**

The Court previously summarized the procedural history and factual allegations in its prior orders and will therefore only discuss the more recent background relevant to the present motions.

On March 27, 2024, the Court granted Apple's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Jaiyeola's motion for leave to file an amended complaint ("MTD Order").  MTD Order, ECF No. 60.  The Court closed this case and entered judgment. Judgment, ECF No. 61.  Jaiyeola subsequently filed a motion to vacate the MTD Order under Rule

1  60(b) and a separate motion to disqualify the Undersigned. The Court denied Jaiyeola's motion to
2  disqualify on May 30, 2025, ("Disqualification Order") and took his motion to vacate the MTD
3  Order under submission. Disqualification Order, ECF No. 73; ECF No. 74. Five days later,
4  Jaiyeola filed a motion to vacate the Disqualification Order under Rule 60(b). ECF No. 75. The
5  Court now considers Jaiyeola's two Rule 60(b) motions to vacate the MTD Order and the
6  Disqualification Order.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not a vehicle to re-litigate the underlying claims. To the contrary, "the merits of a case are not before the court on a Rule 60(b) motion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 61 (9th Cir. 2004). The party seeking relief under Rule 60 bears the burden of establishing one or more of the listed grounds for relief. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). It is within "the sound discretion of the trial court" to determine whether to grant such relief. *Thompson v. Hous. Auth.*, 782 F.2d 829, 832 (9th Cir. 1986) (per curiam).

## III. DISCUSSION

### A. Judicial Notice

As an initial matter, Jaiyeola requests that the Court take judicial notice of the following orders: *Caraccioli v. Facebook, Inc.*, No. 5:15-cv-04145-EJD, Doc. #29 (N.D. Cal. 2016) and *Moua v. Int'l Bus. Machines Corp.*, No. 5:10-cv-01070-EJD (N.D. Cal. Jan. 31, 2012), Doc. # 64.

Courts may consider materials outside a complaint where such materials are incorporated by reference or subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice is proper if the facts requested to be noticed are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose

Case No.: 5:23-cv-03462-EJD
ORDER DEN. RULE 60(B) MOTS.

2

1   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  In granting requests for judicial

2   notice, the Court may only take notice as to the existence of the record "and the facts contained

3   therein, not as to the (disputed) inferences that Defendant [may] seek[] to draw from them."

4   *Darensburg v. Metro. Transp. Comm'n*, No. 5-CV-01597-EDL, 2006 WL 167657, at *3 (N.D.

5   Cal. Jan. 20, 2006); *Khoja*, 899 F.3d at 999 ("But a court cannot take judicial notice of disputed

6   facts contained in such public records.").

7   Here, Jaiyeola asks that the Court take judicial notice of two orders authored by the

8   Undersigned.  "As a general rule, a court in one case will not take judicial notice of its own

9   records in another and distinct case even between the same parties, unless the prior proceedings

10  are introduced into evidence." *Lowe v. McDonald*, 221 F.2d 228, 230 (9th Cir. 1955).  There are

11  two exceptions to this rule: (1) where the prior action is brought into the pleadings in the case on

12  trial, or (2) where the two cases represent related litigation.  *Id. Caracciolo* and *Moua* have not

13  been introduced into evidence and neither exception is available here.  Accordingly, Jaiyeola's

14  request is **DENIED**.

### B.     Motion to Vacate MTD Order

Jaiyeola argues that the MTD Order should be vacated under Rules 60(b)(1), (b)(4), and (b)(6).  The Court will address each in turn.

#### 1.     Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect

Jaiyeola argues that the MTD Order must be vacated under Rule 60(b)(1) for four reasons.

First, Jaiyeola argues that the Court failed to apply the *McDonnell Douglass* framework to his Title VII claims.  Mot. to Vacate MTD Order 4–6.  "[H]owever, the *McDonnell Douglas* framework is an evidentiary framework and not a pleading standard." *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 232 (N.D. Cal. 2020) (internal quotation marks and citations omitted) (quoting *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012)).

Second, Jaiyeola argues that the Court improperly played "the role of a trier of fact."  Mot. to Vacate MTD Order 7.  Jaiyeola quotes the following passages where the Court uses the word "evidence" to demonstrate his argument:

> Specifically, the Court found that Jaiyeola relied solely on his supervisor's remarks to demonstrate success on the merits, but the remarks did not evidence any discriminatory or retaliatory intent, and Jaiyeola did not present any *evidence* for the Court to infer that such intent played a role in causing those remarks.
>
> The Court denied Jaiyeola's second request, finding that Jaiyeola again failed to provide any *evidence* that would permit the Court to infer that this adverse employment action was the result of discriminatory or retaliatory intent . . . .

*Id.* (quoting MTD Order 6) (emphasis added). However, these passages are found in the MTD Order's procedural background section titled "Ex Parte Applications for Temporary Restraining Orders and Appeals," where the Court referenced its prior orders on Jaiyeola's motions for temporary restraining orders and preliminary injunctive relief. MTD Order 5–6. The Court made no such evidentiary findings in its order granting the 12(b)(6) motion to dismiss.

Third, Jaiyeola argues that the Court "ignored the facts in the exhibits." Mot. to Vacate MTD Order 8. However, Jaiyeola does not identify any exhibits or facts therein that the Court ignored and how that impacted the MTD Order. The Court presumes Jaiyeola is referencing the copies of the Court's prior orders regarding his motions for preliminary injunctive relief that he attached to the first amended complaint ("FAC") and proposed second amended complaint ("SAC"). But as Jaiyeola highlighted above, the Court did in fact cite these orders in the procedural history summary. *Id.* at 8 ("The 'evidence' . . . referred to by the District Court are in the exhibits attached to the First Amended Complaint and Second Amended Complaint."). Regardless, the Court's prior orders, even when attached as exhibits, have no bearing on whether Jaiyeola pled facts sufficient to state a plausible claim.

Fourth, Jaiyeola argues that the Court denied leave to amend based on futility without a motion requesting leave to amend. Mot. to Vacate MTD Order 9–10. However, the MTD Order explicitly resolves Jaiyeola's October 19, 2023, motion for leave to file his SAC at ECF No. 50. This motion was fully briefed at ECF Nos. 54 and 56 and taken under submission. But even without a motion seeking leave, the Court is permitted to grant dismissal without leave to amend upon a finding that amendment would be futile, which the Court found here.

Case No.: 5:23-cv-03462-EJD
ORDER DEN. RULE 60(B) MOTS.

4

1  Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(1).

### 2. Rule 60(b)(4): Void Judgment

Next, Jaiyeola argues that the Judgment is void under Rule 60(b)(4) because the Court denied Jaiyeola's due process rights by failing to liberally construe his pleadings as a pro se party. Mot. to Vacate MTD Order 11–14. This is not a proper ground for vacatur under Rule 60(b)(4). Regardless, the Court provided Jaiyeola procedural leniency and liberally construed his pleadings, but the special considerations afforded to pro se parties have their limits. As the Court stated in its MTD Order, "even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong' and how they are entitled to relief." MTD Order 6 (quoting *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995)).

Jaiyeola also argues that the Judgment is void under Rule 60(b)(4) because the Court made improper conclusory statements when it compared the allegations in the FAC and proposed SAC, contending that "[a] District Court is not allowed to 'conclude' at the pleadings stage." Mot. to Vacate MTD Order 16. While it is true that the Court may not reach conclusions regarding the merits of Jaiyeola's claims in a motion to dismiss under Rule 12(b)(6), the Court may compare proposed amendments and the operative complaint to conclude that amendment would be futile, as it did here.

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(4).

### 3. Rule 60(b)(6): Other Extraordinary Circumstances Justifying Relief

Finally, Jaiyeola argues that the MTD Order must be vacated under Rule 60(b)(6) because Apple's witness Sowmya Laxminarayanan committed perjury in her declaration attached to Apple's motion. Mot. to Vacate MTD Order 17. The Court need not determine the veracity of this allegation because, even if true, Court did not rely on Laxminarayanan's declaration in the MTD Order.

Jaiyeola also argues that the Court improperly used a stamped order to deny one of his

Case No.: 5:23-cv-03462-EJD
ORDER DEN. RULE 60(B) MOTS.

prior Rule 60(b) motions challenging the Court's denial of his second ex parte motion for preliminary injunctive relief without any reasoned analysis. Mot. to Vacate MTD Order 18 (presumably referencing ECF No. 46). This is not a proper ground for vacatur under Rule 60(b)(1), and it is irrelevant to Jaiyeola's challenge of the MTD Order. The Court also notes that its order denying Jaiyeola's second ex parte motion for preliminary injunctive relief was affirmed by the Ninth Circuit. ECF No. 63.

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(6).

### C. Motion to Vacate Disqualification Order

Jaiyeola filed a second motion arguing that the Disqualification Order should be vacated under Rule 60(b). Apple filed a notice of opposition but indicated that it did not intend to file an accompanying brief because Jaiyeola failed to offer any proper basis for vacatur. Opp'n to Mot. to Vacate Disqualification Order, ECF No. 76. Jaiyeola filed a reply requesting sanctions against Apple for its "frivolous opposition." Reply in. Supp. of Mot. to Vacate Disqualification Order, ECF No. 77.

The Court agrees that Jaiyeola has failed to offer any proper basis to vacate the Disqualification Order. Although Jaiyeola cites to Rule 60(b)(1) and 60(b)(4), Jaiyeola does not advance any arguments regarding a mistake, inadvertence, surprise, or excusable neglect or voidness. Instead, Jaiyeola repeats arguments made in his original motion for disqualification and disputes the conclusions of the Court. These are not grounds for vacatur under Rule 60(b). Apple's notice of opposition is appropriate and not subject to sanctions.

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the Disqualification Order under Rules 60(b)(1) and 60(b)(4).

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Jaiyeola's motions to vacate the MTD Order and Disqualification Order. This case remains closed.

Case No.: 5:23-cv-03462-EJD
ORDER DEN. RULE 60(B) MOTS.
6

**IT IS SO ORDERED.**

Dated: January 30, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-03462-EJD
ORDER DEN. RULE 60(B) MOTS.

7